**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of The Yellowstone Club Liquidating Trust, | No. 14-56182 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:11-cv-08283-GAF-SP |
| v. | MEMORANDUM[*] |
| TIMOTHY L. BLIXSETH, | |
| Defendant-counter-claim-3rd-party-plaintiff - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 25, 2016
Pasadena, California

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Timothy Blixseth appeals the district court's grant of summary judgment in favor of the Yellowstone Club Liquidating Trust ("YCLT"), which sued Blixseth to collect on a pair of promissory notes. We affirm the district court.

1. The district court correctly concluded that Blixseth's defenses are barred by collateral estoppel. In *In re Yellowstone Mountain Club, LLC*, 436 B.R. 598, 662 (Bankr. D. Mont. 2010), the bankruptcy court determined that Blixseth executed the liability release in his marital settlement with the actual intent to defraud the Yellowstone Mountain Club's creditors. It was reasonable for the district court in this case to treat the release of Blixseth's obligations on the BLX Notes as an integral aspect of that same transaction — the settlement of the Blixseths' divorce proceedings. Blixseth's actual fraudulent intent had thus already been litigated in the bankruptcy court. *See Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999) (applying a four-factor test to determine whether an issue is identical for collateral estoppel purposes). The district court therefore correctly concluded that there was no genuine issue of material fact with respect to Blixseth's intent in releasing his promissory notes to BLX.

2. Even if the district court erred in construing the BLX note release as an integral aspect of the same transaction the bankruptcy court found to be an actual fraudulent transfer, the record establishes that, as a matter of law, the BLX note

2

release was a constructive fraudulent transfer. *See* Cal. Civ. Code § 3439.04(a)(2); *In re Bledsoe*, 569 F.3d 1106, 1109 (9th Cir. 2009) ("Constructive fraud proceeds on the theory that, although the debtor may not have had a fraudulent intent, the court nevertheless should void the transfer, usually because the debtor received inadequate consideration."). Blixseth's own expert determined that Edra was insolvent when the marital settlement releases were executed. The promissory notes that Edra gave BLX were therefore not "reasonably equivalent" to the value of the claims against Blixseth that BLX gave up. *See* Cal. Civ. Code § 3439.04(a)(2). And upon the transfer, BLX became insolvent. *See id.* § 3439.04(a)(2)(B). There is thus ample support for the conclusion that Blixseth's release of his promissory notes to BLX was a constructive fraudulent transfer.

3. Blixseth's remaining arguments are meritless.

AFFIRMED.

3